

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAMAL B ROBINSON
Vs.
THE DISTRICT OF COLUMBIA

C.A. No.   2014 CA 007030 B

## **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL O'KEEFE
Date:  November 5, 2014
Initial Conference: 9:30 am, Friday, February 06, 2015
Location:  Courtroom B-52
          510 4th Street, NW
          WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Jamal B. Robinson
_____
Plaintiff

vs.                    O.A.G.

District of Columbia /~~DTax~~/    Case Number **14 - 0007030**
_____
Defendant

## SUMMONS

To the above named Defendant:

  You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

  You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Malik Shabazz, Esq.
**Name of Plaintiff's Attorney**
1200 G St #800 NW
**Address**
Wash DC 20005
(202) 434-4528
**Telephone**

*Clerk of the Court*

By _____
   *Deputy Clerk*

Date   11/5/14

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

  IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, <u>*DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*</u>

  If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                          CASUM.doc

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Jamal B. Robinson,<br>3733 Horner Place SE<br>Washington D.C. 20032<br><br>    PLAINTIFF,<br><br>    v.<br><br>THE DISTRICT OF COLUMBIA,<br>a municipal corporation<br>441 4th Street N.W.<br>Washington, D.C. 20001<br><br>    Serve: Mayor Vincent Gray<br>         1350 Pennsylvania Ave NW<br>         Washington DC 20001<br><br>         c/o Irvin Nathan<br>         D.C. Attorney General<br>         441 Fourth Street, N.W.<br>         Washington, D.C. 20001<br><br>OFFICER SCOTT PINTO<br>MPD Narcotics Unit<br>1215 3rd St. NE,<br>Washington, D.C. 20002<br><br>OFFICER MAURICE CLIFFORD<br>MPD Narcotics Unit<br>1215 3RD St. NE<br>Washington 20002<br><br>OFFICER RYAN ROE<br>MPD Narcotics Unit<br>1215 3rd Street NE<br>Washington 20002<br><br>Serve: Officer Scott Pinto<br>       Officer Maurice Clifford<br>       Officer Ryan Rowe<br>       MPD Narcotics/ Investigations<br>       1215 3rd Street NE<br>       Washington, D.C. 20002<br><br>    DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Civil Action No. **14 - 0 0 0 7 0 3 0**<br><br>RECEIVED<br>Civil Clerk's Office<br>NOV 0 5 2014<br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |

## COMPLAINT
(False Arrest; Assault & Battery; Negligent Hiring, Training and Supervision;
42 U.S.C. § 1983-Unwarranted Seizure & Excessive Force)

### INTRODUCTION

1. This is a civil action seeking damages against the defendants for intentional misconduct, negligence when they falsely detained the plaintiff, and assaulted and battered him. This action seeks both compensatory and punitive damages against the defendants for the intentional acts of wrongdoing under common law and for violations of the defendants' constitutional rights.

### JURISDICTION

2. This Court has original subject matter jurisdiction over this case by virtue of D.C. Code § 11-921.

### PARTIES

3. Plaintiff, Jamal Robinson is a 25 year old African American male. Plaintiff has been a Metropolitan Police Officer since April 23, 2012. At all times relevant herein, he has been a citizen of the United States.

4. Defendant, District of Columbia is a municipal corporation with authority to sue and be sued in its corporate name. At all times relevant herein, this defendant was responsible for the policies and procedures utilized by and for the supervision of all Metropolitan Police Officers.

5. At all times relevant to this complaint, Officer Scott Pinto of the D.C. Metropolitan Police was a duly licensed police officer and employee of Defendant District Of Columbia and acting within the scope of his authority and under color of law. He is sued in his official and

individual capacity.

6. At all times relevant to this complaint, Officer Maurice Clifford, Metropolitan Police Officer was a duly licensed police officer and employee of Defendant District of Columbia and acting within the scope of his authority and under color of law. He is sued in his official and individual capacity.

7. At all times relevant to this complaint, Officer Ryan Rowe, Metropolitan Police Officer was a duly licensed police officer and employee of Defendant District of Columbia and acting within the scope of his authority and under color of law. He is sued in his official and individual capacity.

## STATEMENT OF FACTS

8. On November 5, 2013, at approximately 6:20 pm Plaintiff was sitting on a wall talking to his brother, who was seated in a parked vehicle a short distance away, in the 5500 block of C Street SE, Washington D.C.

9. Plaintiff and his brother were not engaging in any illegal or unreasonably suspicious activity. There were no calls from neighbors or complaints called into MPD in reference to Plaintiff of his brother.

10. As they were talking, an unmarked truck drove up and rolled down the window. Then, Officers Pinto, Clifford and Rowe exited the vehicle and approached Plaintiff. None identified themselves nor had name tags.

11. The Officers then ordered Plaintiff to stand up and approached Plaintiff and then asked him did he have any weapons. Plaintiff responded affirmatively, that he had a gun and his MPD badge and that he had his police credentials in his back pocket.

12. Immediately, the officers seized Plaintiff, tackled Plaintiff to the ground, subdued him and attempted to handcuff him. Plaintiff continued to express that he was a Metropolitan Police Officer to no avail,

13. One of the officers proceeded to put his knee into Plaintiffs neck. Plaintiff did not physically resist at any point.

14. Plaintiff, Officer Robinson, repeatedly informed them that that he was a Metropolitan Police Officer and that his credentials were in his back pocket. Officers retrieved his wallet from his pocket and Plaintiff's MPD credentials.

15. Plaintiff was still subdued, handcuffed and detained for at least two hours. The public subduing and extensive detainment was of great humiliation and embarrassment to Plaintiff.

16. Throughout the ordeal, to no avail, Plaintiff expressed his legal rights to the Officers not to be subject to such harsh and illegal treatment. Plaintiff requested Internal Affairs to come to the scene.

17. The Officers did in fact seize Plaintiffs MPD issued weapon.

18. After more than two hours, Internal Affairs showed up and Plaintiff was not charged with any offense and was released. Plaintiffs MPD issued weapon was returned to him

19. The 6th District and the specific area where Plaintiff was detained is in an area where there are a growing number of complaints from residents against 6th District MPD charging racial targeting, profiling, harassment and violations of Constitutional rights of African-Americans.

## COUNT I
### (False Arrest)

20. Plaintiff Robinson incorporates by reference paragraphs 1 through 19, as if fully set forth herein.

21. The defendant officers wrongfully and stopped and detained the plaintiff without any justifiable cause whatsoever. The officers had no information that any crime had been committed and no reason to believe Plaintiff Robinson was intending to commit a crime.

22. As a direct proximate result of the false arrest of the Plaintiff by the Defendants, the Plaintiff suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being illegally detained, manhandled and otherwise grossly mistreated.

23. At the time that the above referenced false imprisonment was committed upon Plaintiff, the defendant officers were acting within the scope of their employment for and at the direction of defendant District of Columbia.

WHEREFORE, the Plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory and punitive damages plus interest and costs.

## COUNT II
### (Assault & Battery)

24. Plaintiff incorporate, by reference, paragraphs 1 through 23 as if fully set forth herein.

25. The defendant officers, without proper grounds, willfully and maliciously assaulted Plaintiff by slamming him on the ground and grossly mishandling his person causing him bodily injury and pain. Each of the injuries suffered by Plaintiff were inflicted without provocation from the Plaintiff and while he was presenting no immediate threat to anyone.

26. As a direct and proximate result of Defendant's willful, malicious and intentional

actions, the Plaintiff suffered bodily injuries.

27. At the time that the above-referenced assault and battery was committed upon Plaintiff the defendant Officers were acting within the scope of their employment for and at the direction of defendant District of Columbia.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages and punitive damages plus interest and costs.

### COUNT 1II
### Negligent Training/Supervision
### (Against Defendant District of Columbia)

28. Plaintiffs incorporate paragraphs 1- 27 as if fully set forth herein.

29. Defendant District of Columbia knew or should have known that its employees, officers Roe, Clifford and Pinto, were conducting illegal searches and seizures, detainments and arrests as a matter of course and were otherwise engaging in dangerous, illegal, unprofessional and unconstitutional actions during the course of their employment.

30. Defendant District of Columbia, knew or should have known that its officer-employees were engaging in racial targeting and routinely violating the Constitutional rights of African -Americans.

31. As a result of Defendant District of Columbia's negligent training and supervision of Defendants Roe, Clifford and Pinto, Plaintiff Robinson suffered significant physical and emotional harm, extreme embarrassment, humiliation and mental anguish.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory

damages and punitive damages plus interest and costs.

### COUNT IV
### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

31. Plaintiffs incorporate, by reference, paragraphs 1 through 28 as is fully set forth herein.

32. Plaintiff Robinson further alleges that the defendant officers, with deliberate indifference to and in reckless disregard for the safety and well-being of the Plaintiff and in violation of the 4th Amendment to the Constitution, did on November 5, 2013 commit acts which deprived Plaintiff of his Constitutional right to be free from an unreasonable seizure.

33. Plaintiff alleges Defendant Officers wrongfully, unlawfully, maliciously used excessive force against Plaintiff when clearly no force was warranted under the circumstances.

34. Plaintiff further alleges that Defendant officers engaged in racial-profiling and specifically targeted Plaintiff for illegal search and seizure because he is an African American male.

35. As a direct and proximate result of the actions of the defendant officer, Plaintiff was deprived of his liberty and injured by the renegade Defendant police officers, acting outside the parameters of law and decency.

Wherefore, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest and costs.

### JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Malik Z. Shabazz, (458434)
Black Lawyers For Justice
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434 4528
Attorney.shabazz@yahoo.com


Gregory L. Lattimer, [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 638-0095
Attorney for Plaintiff


Counsel for the Plaintiffs

8