UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMAL B. ROBINSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | C. A. No. 15-100 (RJL) |
| ) | |
| THE DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| DEFENDANTS ) | |

**AMENDED COMPLAINT**
(False Arrest; Assault & Battery; Negligent Hiring, Training and Supervision;
42 U.S.C. § 1983-Unwarranted Seizure & Excessive Force;
§1983-Negligent Training/Supervision)

# INTRODUCTION

1. Now come Plaintiff, pursuant to F.R.C.P. 15 (a)(1)(B), by and through counsel, hereby files an Amended Complaint. This is a civil action seeking damages against the defendants for intentional misconduct, negligence when they falsely detained the plaintiff, and assaulted and battered him. This action seeks both compensatory and punitive damages against the defendants for the intentional acts of wrongdoing under common law and for violations of the defendants' constitutional rights.

# JURISDICTION

2. This court has achieved jurisdiction over this subsequent to Defendant's Notice of Removal pursuant to 28 U.S.C. §1441.

1

## PARTIES

3. Plaintiff, Jamal Robinson is a 25 year old African American male. Plaintiff has been a Metropolitan Police Officer since April 23, 2012. At all times relevant herein, he has been a citizen of the United States.

4. Defendant, District of Columbia is a municipal corporation with authority to sue and be sued in its corporate name. At all times relevant herein, this defendant was responsible for the policies and procedures utilized by and for the supervision of all Metropolitan Police Officers.

5. At all times relevant to this complaint, Officer Scott Pinto of the D.C. Metropolitan Police was a duly licensed police officer and employee of Defendant District Of Columbia and acting within the scope of his authority and under color of law. He is sued in his official and individual capacity.

6. At all times relevant to this complaint, Officer Maurice Clifford, Metropolitan Police Officer was a duly licensed police officer and employee of Defendant District of Columbia and acting within the scope of his authority and under color of law. He is sued in his official and individual capacity.

7. At all times relevant to this complaint, Officer Ryan Rowe, Metropolitan Police Officer was a duly licensed police officer and employee of Defendant District of Columbia and acting within the scope of his authority and under color of law. He is sued in his official and individual capacity.

## STATEMENT OF FACTS

8. On November 6, 2013, at approximately 6:20 pm Plaintiff was sitting on a wall talking to his brother, who was seated in a parked vehicle a short distance away, in the 5500 block of C

Street SE, Washington D.C.

9. Plaintiff and his brother were not engaging in any illegal or unreasonably suspicious activity. There were no calls from neighbors or complaints called into MPD in reference to Plaintiff of his brother.

10. As they were talking, an unmarked truck drove up and rolled down the window. Then, Officers Pinto, Clifford and Rowe exited the vehicle and approached Plaintiff. None identified themselves nor had name tags.

11. The Officers then ordered Plaintiff to stand up and approached Plaintiff and then asked him did he have any weapons. Plaintiff responded affirmatively, that he had a gun and his MPD badge and that he had his police credentials in his back pocket.

12. Immediately, the officers seized Plaintiff, tackled Plaintiff to the ground, subdued him and attempted to handcuff him. Plaintiff continued to express that he was a Metropolitan Police Officer to no avail,

13. One of the officers proceeded to put his knee into Plaintiffs neck. Plaintiff did not physically resist at any point.

14. Plaintiff, Officer Robinson, repeatedly informed them that that he was a Metropolitan Police Officer and that his credentials were in his back pocket. Officers retrieved his wallet from his pocket and Plaintiff's MPD credentials.

15. Plaintiff was still subdued, handcuffed and detained for at least two hours. The public subduing and extensive detainment was of great humiliation and embarrassment to Plaintiff.

16. Throughout the ordeal, to no avail, Plaintiff expressed his legal rights to the Officers not to be subject to such harsh and illegal treatment. Plaintiff requested Internal Affairs to come to the scene.

17. The Officers did in fact seize Plaintiffs MPD issued weapon.

18. After more than two hours, Internal Affairs showed up and Plaintiff was not charged with any offense and was released. Plaintiffs MPD issued weapon was returned to him

19. The 6th District and the specific area where Plaintiff was detained is in an area where there are a growing number of complaints from residents against 6th District MPD charging racial targeting, profiling, harassment and violations of Constitutional rights of African-Americans.

## COUNT I
### (False Arrest)

20. Plaintiff Robinson incorporates by reference paragraphs 1 through 19, as if fully set forth herein.

21. The defendant officers wrongfully and stopped and detained the plaintiff without any justifiable cause whatsoever. The officers had no information that any crime had been committed and no reason to believe Plaintiff Robinson was intending to commit a crime.

22. As a direct proximate result of the false arrest of the Plaintiff by the Defendants, the Plaintiff suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being illegally detained, manhandled and otherwise grossly mistreated.

23. At the time that the above referenced false imprisonment was committed upon Plaintiff, the defendant officers were acting within the scope of their employment for and at the direction of defendant District of Columbia.

WHEREFORE, the Plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory

and punitive damages plus interest and costs.

## COUNT II
### (Assault & Battery)

24. Plaintiff incorporate, by reference, paragraphs 1 through 23 as if fully set forth herein.

25. The defendant officers, without proper grounds, willfully and maliciously assaulted Plaintiff by slamming him on the ground and grossly mishandling his person causing him bodily injury and pain. Each of the injuries suffered by Plaintiff were inflicted without provocation from the Plaintiff and while he was presenting no immediate threat to anyone.

26. As a direct and proximate result of Defendant's willful, malicious and intentional actions, the Plaintiff suffered bodily injuries.

27. At the time that the above-referenced assault and battery was committed upon Plaintiff the defendant Officers were acting within the scope of their employment for and at the direction of defendant District of Columbia.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages and punitive damages plus interest and costs.

## COUNT III
### Negligent Training/Supervision
### (Against Defendant District of Columbia)

28. Plaintiffs incorporate paragraphs 1- 27 as if fully set forth herein.

29. Defendant District of Columbia knew or should have known that its employees,

officers Roe, Clifford and Pinto, were conducting illegal searches and seizures, detainments and arrests as a matter of course and were otherwise engaging in dangerous, illegal, unprofessional and unconstitutional actions during the course of their employment.

30.  Defendant District of Columbia, knew or should have known that its officer-employees were engaging in racial targeting and routinely violating the Constitutional rights of African -Americans.

31.   As a result of Defendant District of Columbia's negligent training and supervision of Defendants Roe, Clifford and Pinto, Plaintiff Robinson suffered significant physical and emotional harm, extreme embarrassment, humiliation and mental anguish.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages and punitive damages plus interest and costs.

## COUNT IV
### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

31.  Plaintiffs incorporate, by reference, paragraphs 1 through 30 as is fully set forth herein.

32.   Plaintiff Robinson further alleges that the defendant officers, with deliberate indifference to and in reckless disregard for the safety and well-being of the Plaintiff and in violation of the 4th Amendment to the Constitution, did on November 6, 2013 commit acts which deprived Plaintiff of his Constitutional right to be free from an unreasonable seizure.

33.   Plaintiff alleges Defendant Officers wrongfully, unlawfully, maliciously used excessive force against Plaintiff when clearly no force was warranted under the circumstances.

34. As a direct and proximate result of the actions of the defendant officer, Plaintiff was deprived of his liberty and injured by the renegade Defendant police officers, acting outside the parameters of law and decency.

Wherefore, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT V

### Negligent Training/Supervision 42 U.S.C. § 1983
### (Against Defendant District of Columbia)

35. Plaintiffs incorporate paragraphs 1- 34 as if fully set forth herein.

36. At the time of the incident, Defendant Police Officers were acting under the direction and control, and pursuant to the practices and customs, of Defendant District of Columbia.

37. Defendant District of Columbia, acted carelessly and recklessly and with deliberate indifference to the safety of Plaintiff by failing to properly train, supervise , control and direct, monitor and discipline their officers..

38. As a direct and proximate cause of the acts and omissions Defendant District of Columbia Plaintiff was falsely arrested, assaulted, battered, suffered significant physical and emotional harm, extreme embarrassment, humiliation and mental anguish.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages and punitive damages plus interest and costs.

## **JURY DEMAND**

The Plaintiff demands a trial by jury on all issues so triable.

                     Respectfully submitted,

                     /s/Malik Shabazz/s/
                     Malik Z. Shabazz, (458434)
                     1200 G Street, N.W.
                      Suite 800
                     Washington, D.C. 20005
                     (202) 434 4528
                     Attorney.shabazz@yahoo.com


                     Gregory L. Lattimer, [371926]
                     1200 G Street, N.W.
                     Suite 800
                     Washington, D.C.  20005
                     (202) 638-0095
                     Attorney for Plaintiff


                     Counsel for the Plaintiffs